IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JAN 2 8 2011
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., WAYNE B. KOLBECK, Plaintiff, | ) ) ) ) |
| v. | ) Civil Action No. 1:08cv1187 |
| POINT BLANK SOLUTIONS, INC., et al., Defendant. | ) ) ) |

## MEMORANDUM OPINION

This False Claims Act case presents the narrow question, unresolved in this circuit, whether a *qui tam* relator can proceed against a defendant in bankruptcy under the governmental police powers exception to the Bankruptcy Code's automatic stay[1] where, as here, the United States has elected not to intervene in the action pursuant to 31 U.S.C. § 3730(b)(4)(B). For the reasons that follow, a *qui tam* FCA action in which the government has expressly declined to intervene is not "an action or proceeding by a governmental unit" so as to fall within the governmental police powers exception to the automatic stay. Accordingly, this matter is appropriately stayed against the two remaining defendants in bankruptcy pursuant to 11 U.S.C. § 362(a).

I.

The pertinent facts may be succinctly stated. Plaintiff Wayne B. Kolbeck, proceeding *as a qui tam* relator on behalf of himself and the United States,[2] initiated this action by filing a sealed

---

[1] *See* 11 U.S.C. §§ 362(a) and (b)(4), discussed *infra*.

[2] Title 31 U.S.C. § 3730(b) provides that "[a] person may bring a civil action for a

[1]

complaint, and later a sealed amended complaint, against two corporate defendants and three individual defendants alleging, *inter alia*, violations of the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq*. In December 2009, following several extensions of the government's 60-day statutory investigation period,[3] the government filed a notice pursuant to 31 U.S.C. § 3730(b)(4) indicating that it had elected <u>not</u> to intervene in the *qui tam* relator's action.[4] Given the government's decision in this regard, the seal was lifted from the matter and the relator was directed to take prompt steps to serve the defendants with a copy of the amended complaint. *See United States of America ex rel. Kolbeck v. Point Blank Solutions, Inc., et al.*, 1:08cv1187 (E.D. Va. Jan. 7, 2010) (Order).

Several months later, the relator, by counsel, filed a suggestion of bankruptcy advising that the two corporate defendants had filed petitions for relief pursuant to Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 301, *et seq.*, in the United States Bankruptcy Court for the District of Delaware.[5] Accordingly, by Order dated April 27, 2010, the instant matter was stayed as to the two corporate defendants in bankruptcy, pursuant to the automatic stay provision codified

---

violation of section 3729 for the person and for the United States Government . . . [and] [t]he action shall be brought in the name of the Government."

[3] The FCA provides, in pertinent part, that a relator's *qui tam* complaint "shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders . . . [and] [t]he Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information." 31 U.S.C. § 3730.

[4] That section provides that "the Government shall . . . (A) proceed with the action, in which case the action shall be conducted by the Government; or (B) notify the court that it declines to take over the action, in which case the person bringing the action shall have the right to conduct the action." 31 U.S.C. § 3730(b)(4).

[5] *See In re Point Blank Body Armor Inc.*, 10-11257-PJW (Bankr. D. Del.); *In re Point Blank Solutions, Inc., et al.*, 10-11255-PJW (Bankr. D. Del.).

at § 362(a) of the Bankruptcy Code. *See United States of America ex rel. Kolbeck v. Point Blank Solutions, Inc., et al.*, 1:08cv1187 (E.D. Va. Apr. 27, 2010) (Order); 11 U.S.C. § 362(a). The matter was nonetheless ordered to proceed with respect to the three individual defendants. *Id.* Yet, the relator subsequently voluntarily dismissed these three individual defendants, leaving as defendants only the two corporations in bankruptcy. *See United States of America ex rel. Kolbeck v. Point Blank Solutions, Inc., et al.*, 1:08cv1187 (E.D. Va. Oct. 8, 2010) (Order). Given this change in circumstances, it is appropriate to revisit the question whether the Bankruptcy Code's automatic stay provision applies to a *qui tam* FCA action where, as here, the government has elected not to intervene in the matter pursuant to 31 U.S.C. § 3730(b)(4)(B).

## II.

Analysis properly begins with the pertinent language of the Bankruptcy Code. Thus, § 362(a) of the Bankruptcy Code, commonly referred to as the automatic stay provision, provides the general rule that a petition filed under Title 11 of the Bankruptcy Code

> operates as a stay, applicable to all entities, of . . . the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against a debtor that was or could have been commenced before the commencement of the case under [the Bankruptcy Code].

11 U.S.C. § 362(a). The statute itself makes clear that this general rule is not without exception. One such exception — and the only exception arguably applicable here — is the governmental police powers exception set forth at 11 U.S.C. § 362(b)(4). That section provides, in pertinent part, that the automatic stay does not apply to

> the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's . . . police or regulatory power.

[3]

11 U.S.C. § 362(b)(4). Put simply, this statutory exception directs that the filing of a bankruptcy petition does not operate to stay "an action or proceeding by a governmental unit" to enforce that governmental unit's police and regulatory power. *Id.* The narrow question presented here, therefore, is whether a *qui tam* FCA action in which the government has declined to intervene is nonetheless an action or proceeding "by a governmental unit," so as to fall within the § 362(b)(4) statutory exception to the automatic stay.[6]

Statutory interpretation "necessarily begins with an analysis of the language of the statute," for "[i]f the language is plain and 'the statutory scheme is coherent and consistent,' [a district court] need not inquire further." *Holland v. Big River Minerals Corp.*, 181 F.3d 597, 603 (4th Cir. 1999) (citations omitted). In this regard, it is important to note at the outset that the Bankruptcy Code's definitions section expressly limits the phrase "governmental unit" to actual governmental entities, as well as any "department, agency, or instrumentality" of an actual government entity. *See* 11 U.S.C. § 101(27). Indeed, § 101(27) of the Bankruptcy Code provides, in its entirety, as follows:

> "governmental unit" means United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States (but not a United States trustee while serving as a trustee in a case under this title), a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government[.]"

---

[6] It is well-settled that "an action under the False Claims Act qualifies as an action to enforce the government's 'police or regulatory power,'" and that issue need not be revisited here. *See United States ex rel. Goldstein v. P & M Draperies, Inc.*, 303 B.R. 601, 603 (D. Md. 2004) (citing *In re Commonwealth Companies, Inc.*, 913 F.2d 518, 527 (8th Cir. 1990)); *United States of America ex rel. Jane Doe v. X, Inc.*, 246 B.R. 817, 818 (E.D. Va. 2000) (recognizing that "there is ample authority holding that laws, such as the False Claims Act, that are designed to prevent or stop fraud, or to fix damages for fraud already committed, are police or regulatory laws") (citations omitted).

[4]

11 U.S.C. § 101(27). Nowhere in the statutory definition of "governmental unit" is there any reference to a private citizen or entity acting on behalf of the government, such as a *qui tam* relator in an FCA action. Nor does the legislative history of the Bankruptcy Code reveal any intent on the part of Congress to include in the definition of "governmental unit" a private citizen or entity acting on behalf of the government. *See In re Revere Copper and Brass, Inc.*, 32 B.R. 725, 727 (S.D.N.Y. 1983) (recognizing that "[n]ot only is this provision explicitly limited to true governmental entities, but the legislative history of this definitional section provides [that] 'entities that operate through state action such as through the grant of a charter or license, and have no further connection with the state or federal government are not within the contemplation of the definition'") (citations omitted). It is clear, therefore, that "both the statutory language and the legislative history demonstrate that the term 'governmental unit' in the bankruptcy code refers exclusively to actual governmental groups and not to organizations [or private citizens] acting in a governmental capacity." *Id.* It follows, therefore, that an action conducted solely by a *qui tam* relator following the government's decision not to intervene is not "an action or proceeding by a governmental unit" within the meaning of the § 362(b)(4) governmental police powers exception.

This conclusion finds further support in the statutory language of the FCA, as the *qui tam* provision is itself entitled "Actions by private persons." 31 U.S.C. § 3730(b) (emphasis added). That provision provides that "[a] person may bring a civil action for a violation of section 3729 for the person and for the United States Government," and that such an action "shall be brought in the name of the Government." *Id.* Once an FCA action is initiated by a private *qui tam* relator, the statute requires that the complaint remain sealed while the government conducts an *ex parte* investigation to determine whether it wishes "to intervene and proceed with the action." 31 U.S.C.

§ 3730(b)(2). And, if the government elects not to intervene, as occurred here, the statute makes clear that "the person bringing the action shall have the right to conduct the action." 31 U.S.C. § 3730(b)(4)(B); *see also Goldstein*, 303 B.R. at 604 (recognizing in a *qui tam* FCA case that where "the government has declined to intervene, the *qui tam* plaintiff alone has the 'right to conduct the action'"). In other words, where, as here, the government declines to intervene in a *qui tam* FCA action, the action nonetheless continues in the name of, and on partial behalf of the government, but the proceedings are thereafter conducted solely by the *qui tam* relator. *See* 31 U.S.C. § 3730(b).[7] In that circumstance, it cannot reasonably be argued that the action is being continued or pursued "<u>by</u> a governmental unit," so as to fall within the Bankruptcy Code's § 362(b)(4) exception to the automatic stay. *See id.* (stating that "[w]hen the government plays no role in pursuing an action, it can hardly be said that the action was commenced or continued 'by' the government").

Of course, this is not to say that a *qui tam* FCA action can never fall within the § 362(b)(4) exception to the automatic stay, for it clearly would do so in the event the government elected to intervene and take command of the action. To be sure, once the government elects to intervene in a *qui tam* proceeding, the FCA specifically provides that "the action shall be conducted *by the Government*," with the relator nonetheless permitted to continue as a party to the action. 31 U.S.C. §§ 3730(b)(4)(A) and (c)(1) (emphasis added). The statute further clarifies that "[i]f the Government proceeds with the action, it shall have the primary responsibility for prosecuting the action, and shall not be bound by an action of the person bringing the action." 31 U.S.C. § 3730(c)(1). In that situation, where the *qui tam* action is statutorily required to be conducted "by

---

[7] That is precisely what has occurred in this case, as the relator, rather than the government, has exclusively conducted this action since the government declined to intervene in December 2009.

[6]

the Government," continuation of the action against a defendant in bankruptcy would undoubtedly be consistent with the § 362(b)(4) exception as "an action or proceeding by a governmental unit." 11 U.S.C. § 362(b)(4) (emphasis added). Yet, the same cannot be said where, as here, the government has declined to intervene and the *qui tam* relator is solely responsible for conducting the action in accordance with 31 U.S.C. § 3730(b)(4)(B). In that narrow context, the action does not constitute "an action or proceeding by a governmental unit" within the meaning of the Bankruptcy Code and does not fall within the § 362(b)(4) exception to the automatic stay.

While the Fourth Circuit has not directly spoken on the precise issue at bar, the conclusion reached here is nonetheless supported by recent district court precedent from this and other circuits. The case closest on its facts is *United States ex rel. Goldstein v. P & M Draperies, Inc.*, 303 B.R. 601 (E.D. Va. 2004). There, the district court addressed the precise question presented here, namely whether the Bankruptcy Code's automatic stay provision applied to a *qui tam* FCA action in which the government had declined to intervene. Based essentially on the statutory interpretation argument discussed above, the district court concluded that the case was properly stayed against a defendant in bankruptcy, as a *qui tam* action in which the government has declined to intervene is not an action "by a governmental unit" within the meaning of the § 362(b)(4) exception. *See id.* at 604 (recognizing that "[w]hen the government plays no role in pursuing an action, it can hardly be said that the action was commenced or continued 'by' the government").[8]

---

[8] *See also United States ex rel. Fullington v. Parkway Hospital, Inc.*, 351 B.R. 280, 290-91 (E.D.N.Y. 2006) (holding that *qui tam* FCA claims in which the government had declined to intervene were properly stayed against a defendant in bankruptcy because "the plain statutory language [of the § 362(b)(4) exception to the automatic stay] does not include *qui tam* plaintiffs"); *In re Worldcom, Inc.*, No. 05 Civ. 5704 (RPP), 2006 WL 2270379, at *6 (S.D.N.Y. Aug. 8, 2006) (holding that a *qui tam* plaintiff could not rely on the § 362(b)(4) exception to the automatic stay where the government had declined to intervene in the action).

Nor does this Court's prior decision in *United States ex rel. Jane Doe v. X, Inc.*, 246 B.R. 817 (E.D. Va. 2000) alter the conclusion reached here. That action, like the instant matter, involved a *qui tam* FCA claim against a defendant in bankruptcy. *Doe* also squarely considered the question whether the *qui tam* relator was barred from proceeding with the suit against the defendant in bankruptcy or whether the action instead fell within the § 362(b)(4) government police powers exception to the automatic stay. But significantly, unlike here, at the time the automatic stay issue was presented in *Doe*, the government had not yet made its decision whether to intervene in the action pursuant to 31 U.S.C. § 3730(b)(4). Instead, the complaint filed by the *qui tam* relator remained sealed, the defendant had not yet been served, and the government's § 3730(b)(4) investigation was still underway. Thus, the precise issue presented in *Doe* was "whether the private *qui tam* relator qualifies as a governmental unit for purposes of § 362(b)(4)" where "the government has not yet intervened." *Id.* at 819.

In that circumstance, where the government's intervention investigation was still underway, *Doe* concluded that a stay was not warranted because the case fell within the § 362(b)(4) governmental police powers exception. That conclusion was based primarily on the well-settled line of authority recognizing that the United States is the real party in interest in any *qui tam* FCA case. *See id.* at 819 (citing *United States ex rel. Milam v. Univ. of Texas M.D. Anderson Cancer Center*, 961 F.2d 46, 50 (4th Cir. 1992) (holding that a *qui tam* suit against a state agency is not barred by the Eleventh Amendment because "the United States is the real party in interest in any False Claims Act suit, even where it permits a *qui tam* relator to pursue the action on its behalf")). Specifically, expanding on the well-settled "real party in interest" principle, *Doe* went on to conclude that "it follows that . . . [a] *qui tam* suit is 'brought by a governmental unit' for

the purposes of § 362(b)(4)'s police powers exception, even though the United States has not yet made its intervention election." *Doe*, 246 B.R. at 820.

Simply put, the fact that the government remains the real party in interest in any *qui tam* FCA action, while not wholly irrelevant to the analysis, is not dispositive of the statutory interpretation question presented here. Instead, application of the § 362(b)(4) governmental police powers exception depends primarily on the party actually conducting the proceedings, namely whether the action is being conducted (i) by the *qui tam* relator, as is the case where the government expressly declines to intervene, or (ii) by the government, as occurs where the government elects to intervene and take over the action. In the former circumstance — where the government has declined to intervene and the proceedings are conducted by the *qui tam* relator — the action would fall outside the scope of the § 362(b)(4) exception and application of the § 362(a) automatic stay would be appropriate against a defendant in bankruptcy. In contrast, where the government elects to intervene in a *qui tam* FCA matter, the action is required by statute to "be conducted by the government," in which case the action would appropriately proceed as a governmental police powers exception to the automatic stay.[9] 31 U.S.C. § 3730(b)(4)(A).

Finally, it is important to note that the conclusion reached here is supported by general public policy considerations set forth in the legislative history of the Bankruptcy Code. Indeed,

---

[9] Application of an automatic stay would likewise be inappropriate where, as in *Doe*, the government has not yet made its intervention determination pursuant to 31 U.S.C. § 3730(b)(4). This is so not just because a stay would frustrate an active and ongoing investigation conducted by the government, but also because unless and until the government makes its intervention determination, a *qui tam* FCA complaint remains sealed and the defendant is not served, thus rendering any proceedings against the defendant essentially inactive. *See* 31 U.S.C. § 3730(b)(2) (noting that a complaint filed by a *qui tam* relator "shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders . . . [and] [t]he Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information").

[9]

the legislative history of the § 362(b)(4) governmental police powers exception reflects "that Congress enacted this exception in response to concern regarding the 'overuse of the stay in the area of governmental regulation.'" *Goldstein*, 303 B.R. at 602-03 (citation omitted). The legislative history thus "reflects what courts have recognized as the purpose of this exception: to prevent debtors from 'frustrating necessary governmental functions by seeking refuge in bankruptcy court.'" *Id.* (citing *City of New York v. Exxon Corp.*, 932 F.2d 1020, 1024 (2d Cir. 1991)); *see also Fullington*, 351 B.R. at 282 (same) (citation omitted). And, as the district court appropriately noted in *Goldstein*, where, as here, the government has determined that its interests in a particular *qui tam* action "are not sufficiently significant to merit intervention, any concern that application of the stay would 'frustrate necessary government functions' is greatly diminished." *Goldstein*, 303 B.R. at 604.

### III.

In conclusion, because the government has declined to intervene in the instant *qui tam* FCA matter, the action does not constitute "an action or proceeding by a governmental unit" so as to fall within the § 362(b)(4) governmental police powers exception to the Bankruptcy Code's automatic stay. Given this, the matter is appropriately stayed against the two remaining corporate defendants in bankruptcy pursuant to 11 U.S.C. § 362(a).

An appropriate order will issue.

/s/
T. S. Ellis, III
United States District Judge

Alexandria, Virginia
January 28, 2011